```
                    United States District Court
                      District of Massachusetts
_____
                              )
ELAINE JOYCE,                 )
        Plaintiff,            )
                              )
        v.                    )    Civil Action No.
                              )    08-10277-NMG
TOWN OF DENNIS, DENNIS PINES  )
GOLF COURSE, DENNIS HIGHLANDS,)
ROBERT CANEVAZZI, MICHAEL     )
CUMMINGS, DENNIS PENNER and   )
RUSSELL CHAMPOUX,             )
        Defendants.           )
_____)
```

## MEMORANDUM & ORDER

**GORTON, J.**

Plaintiff Elaine Joyce ("Joyce") brought suit against the Town of Dennis ("the Town"), two Town-owned golf courses and several individual defendants for gender discrimination. In 2007, the available tournaments at the golf courses included two women's events and five men's events as well as mixed-gender tournaments. The pending dispute arises out of the defendants' refusal to allow Joyce to play in a men's members-only tournament at Dennis Pines Golf Course on May 5 and 6, 2007.

## I. Background

On April 20, 2007, Joyce signed up to play with her father in the subject tournament. On May 2, 2007, three days before the event, Russell Champoux, the PGA Head Golf Professional, called Joyce's father and told him that Joyce could not play but that he

would still be allowed to participate if he found a male partner. The following day, Joyce emailed Robert Canevazzi, Town Administrator, challenging the tournament committee's decision. By that afternoon, Canevazzi concluded that Joyce's civil rights were not being violated. He noted the Town's history with respect to men's and women's tournaments and stated that he did not perceive a discriminatory practice in the Town's 2007 tournament schedule. Although he recognized Joyce's concern, Canevazzi explained that to change the rules at such a late date would be unfair to other members who may or may not desire to play in a tournament with the rules revised according to Joyce's request. He did, however, report that he would consult with the Golf Advisory Committee ("GAC") to review the Town's policy at its next meeting.

After Canevazzi emailed Joyce, he spoke with Town Counsel who became "alarmed" and concerned that Joyce's exclusion from a men-only tournament could be perceived as discriminatory and recommended that the Town consider changing its policy. The defendants also became aware that, two years earlier, in 2005, a GAC member apparently had stated that it was "difficult to justify" holding men-only tournaments.

In any event, as Canevazzi had promised, the GAC reconsidered its gender-based tournament rules. On May 14, 2007, the GAC met and referred the issue to the Golf Tournament

Subcommittee. The following month, the subcommittee reported its recommendation that no changes be made for the 2007 tournaments but that, beginning in 2008, all tournaments include a men's and a women's field. In October, 2007, the GAC formally agreed to allow women to play in men's tournaments as Joyce had originally requested.

Notwithstanding that concession, Joyce filed her complaint in this case in February, 2008. About 18 months later, the parties exchanged cross motions for summary judgment on liability. In March, 2010, this Court issued a Memorandum and Order ("March, 2010 M&O") finding liability on six of eleven counts (mainly with respect to gender discrimination) and dismissing the other five counts. The case now awaits a determination of damages, if any. A status conference on the issue of damages was held on October 13, 2010. The Court ordered the parties to submit further memoranda addressing that issue, which they did.

## II. **Defendants' Requests with Respect to Damages**

Joyce seeks compensatory and punitive damages as well as attorneys' fees, costs and expenses. The defendants respond that the Court should neither 1) award attorney's fees to the plaintiff nor 2) instruct the jury on punitive damages.

### A. **Attorney's Fees**

Under Massachusetts General Laws, Chapter 151B, § 9

> If the court finds for the petitioner it shall . . . award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award unjust.

Given that attorney's fees and costs under Chapter 151B are mandatory unless special circumstances exist, the Court will award reasonable attorney's fees to the plaintiff. No special circumstances which would foreclose the award of fees are readily apparent and the defendants do not raise any.

Similarly, although it is discretionary, pursuant to 42 U.S.C. § 1988(b), a Court may award reasonable attorney's fees to a prevailing party in a 42 U.S.C. § 1983 action. <u>Boston Children First</u> v. <u>City of Boston</u>, 395 F.3d 10, 14 (2005). To prevail, a party must "succeed on any significant issue in litigation which achieves some of the benefit [it] sought in bringing suit." <u>Id.</u> (internal quotations omitted). The defendants argue that Joyce is not a "prevailing party" because they changed the tournament rules before she filed her lawsuit. Thus, the defendants argue, she achieved no benefit in bringing suit because her desired result had already been realized. Although the Court agrees that the plaintiff's accomplishment after she initiated suit was very limited and pyrrhic in nature, the Court concludes, nevertheless, that because Joyce obtained recognition by this Court of the discrimination that she had faced, she is a prevailing party.

In sum, the Court will award the plaintiff reasonable

attorney's fees, pursuant to both Massachusetts General Laws, Chapter 151B and 42 U.S.C. § 1983. A major factor in determining the reasonableness of a fee is the degree of success obtained. Farrar v. Hobby, 506 U.S. 103, 114 (1992). Here, plaintiff prevailed on several of her claims and the Court will, therefore, award her reasonable attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 435 (1983).

The Court will, however, wait to see what compensatory damages the jury awards the plaintiff, if any. If only nominal or limited damages are awarded, the reasonable fee will be correspondingly limited. See Farrar, 506 U.S. at 115. It has been held that an award of nominal damages "highlights the plaintiff's failure to prove actual, compensable injury." Id. (awarding no attorney's fees in a § 1983 action because, although the plaintiff was a prevailing party, the jury awarded $1 in nominal damages).

**B. Punitive Damages**

A plaintiff has a Seventh Amendment right to have a jury decide whether she should be awarded punitive damages. E.g., Defender Indus., Inc. v. Nw. Mutual Life Ins. Co., 938 F.2d 502, 506 (4th Cir. 1991); Clifton v. Mass. Bay Transp. Auth., 815 N.E. 2d 614, 625 (Mass. App. Ct. 2004). Punitive damages may be awarded for violations of § 1983 and Chapter 151B when the

> defendant's conduct is shown to be motivated by evil
> motive or intent, or when it involves reckless or callous
> indifference to the federally protected rights of others.

Smith v. Wade, 461 U.S. 30, 56 (1983); Dichner v. Liberty Travel, 141 F.3d 24, 33 (1st Cir. 1998); Trinh v. Gentle Commc'ns, LLC, 81 N.E. 2d 1177, 1183 (Mass. App. Ct. 2008).  There must be proof that the defendant "discriminate[d] in the face of a perceived risk that its actions [would] violate federal law." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999).  Proof of the defendant's awareness of that risk may be circumstantial. Iacobucci v. Boulter, 193 F.3d 14, 27 (1st Cir. 1999).

Here, an instruction to the jury on punitive damages would be inappropriate because there is no evidence of "evil motive or intent" or awareness of a risk that the rules were in violation of federal law.  No one had previously challenged the defendants in this case with respect to the tournament rules on the basis of gender discrimination.  Moreover, in sports, federal courts have held that gender separation may be justifiable.  See Clark v. Arizona Interscholastic Ass'n, 695 F.2d 1126, 1131 (9th Cir. 1982) (permitting exclusion of boys from girls' volleyball team), cert. denied, 464 U.S. 818 (1983); see also Barnett v. Texas Wrestling Ass'n, 16 F. Supp. 2d 690, 695 (N.D. Tex. 1998) ("it is far from clear that the refusal to sanction a mixed-gender contact sport violates the Fourteenth Amendment.").

Although the defendants did not change the tournament rules

at the last minute for the subject tournament, they subsequently changed the rules so that women could play in future tournaments. That change was made before plaintiff filed her lawsuit. Moreover, the defendants invited plaintiff to participate in discussions about how to change the rules and she declined. All of those facts together negate a finding of evil motive.

Plaintiff cites to Borne v. Haverhill Golf & Country Club, Inc., in which the Massachusetts Appeals Court upheld the jury's punitive damages award. In the Borne case, the defendants enforced different membership procedures and golf-course access times for men and women. Furthermore, discipline of men and women was drastically different and women were excluded from using certain club facilities. Id. at 908-09. Plaintiff argues that her case is similar to Borne because the defendants in both cases were warned that their policies were discriminatory and did not change them. Id. at 916.

To the contrary, this Court concludes that the Borne case is clearly distinguishable. In Borne, the plaintiffs had written letters to the Board of Governors complaining about the discriminatory treatment and the Club had done nothing. Id. Here, the plaintiff signed up for the golf tournament 15 days before the event without warning the GAC. Although Canevazzi refused to change the rules a few days before the tournament, he asked the GAC to consider changing the rules for the next

tournament and recommended that the Town change its policy. At a meeting on June 11, 2007, before this lawsuit was filed, the GAC changed the policy so that all tournaments from 2008 onward would include men's and women's fields. In October, 2007, still before this lawsuit was filed, the GAC voted to allow women to play in men's tournaments. Such a rapid and considered response to the plaintiff's complaint distinguishes this case from Borne in which the defendants did nothing to address the plaintiffs' concerns until a lawsuit was filed.

Thus, the Court finds that this case does not involve a "reckless or callous indifference to the federally protected rights of others" and will allow the defendants' request to preclude a jury instruction on punitive damages.

### ORDER

In accordance with the foregoing, the defendants' requests which are treated as in limine motions (Docket No. 54) are

1) with respect to attorney's fees, **DENIED;** and
2) with respect to the prohibition of a jury instruction on punitive damages, **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated January 4, 2011