```
                    United States District Court
                      District of Massachusetts
_____
                               )
ELAINE JOYCE,                  )
         Plaintiff,            )
                               )
         v.                    )    Civil Action No.
                               )    08-10277-NMG
TOWN OF DENNIS, DENNIS PINES   )
GOLF COURSE, DENNIS HIGHLANDS, )
ROBERT CANEVAZZI, MICHAEL      )
CUMMINGS, DENNIS PENNER and    )
RUSSELL CHAMPOUX,              )
         Defendants.           )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

Plaintiff Elaine Joyce ("Joyce") brought suit against the Town of Dennis, two Town-owned golf courses and several individual defendants for gender discrimination. This dispute arose out of the defendants' refusal to allow Joyce to play in a men's members-only tournament at Dennis Pines Golf Course in May, 2007.

## I. Background

In March, 2010, this Court entered a Memorandum & Order ("M&O") finding liability on six of Joyce's eleven counts and dismissing the other five counts. Joyce v. Town of Dennis, 705 F. Supp. 2d 74 (D. Mass. 2010).

In January, 2011, the Court entered a second M&O holding that, although Joyce was entitled to some attorney's fees as a

prevailing party, she was not entitled to any punitive damages and the fees to be awarded would be directly related to the compensatory damages awarded by the jury. Joyce v. Town of Dennis, Civ. A. No. 08-10277, 2011 WL 31195, at *2 (D. Mass. Jan. 4, 2011). In February, 2011, defendants offered Joyce in settlement $35,001, inclusive of attorney's fees but plaintiff did not respond to that offer. Thereafter, a jury trial was held in March, 2011 and the jury awarded Joyce $15,000 in compensatory damages.

Joyce now petitions the Court for 1) an award of her attorney's fees and costs in the amount of over $170,000, 2) an injunction and 3) an alteration of the judgment to include pre-judgment interest.

## II. Plaintiff's Petition for Award of Attorney's Fees and Costs

Joyce seeks reimbursement for $167,855 in legal services and $4,993 in expenses. The Town challenges the requested fees and costs on the grounds that they are unreasonable and excessive.

### A. Entitlement to Fees and Costs

Although plaintiff prevailed on both her state and federal discrimination claims, she petitions for fees under the Massachusetts statute only. Under the pertinent Massachusetts statutory law, if the court finds in favor of the petitioner, it shall

> award the petitioner reasonable attorney's fees and costs unless special circumstances would render such an award

unjust.

Mass. Gen. Laws ch. 151B, § 9.  Because the Court has ruled in Joyce's favor on six of her claims, she is entitled to reasonable attorney's fees with respect to her successful claims.  Joyce, 2011 WL 31195, at *2.

Defendants contend that special circumstances render an award of fees unjust in this case because Joyce 1) gave the defendants insufficient notice of her desire to play in the subject tournament, 2) refused to attend Golf Advisory Committee meetings at which her complaints were addressed, 3) did not return defense counsel's phone calls and 4) did not respond to the Town's settlement offer in February, 2011.  The Court finds defendants' arguments compelling but, nevertheless, concludes that Joyce is entitled to modest attorney's fees.  Id.  Thus, the Court will award the plaintiff attorney's fees and costs that are commensurate with the results she obtained and mitigated by the factors present in this case.

**B.  Assessing a Reasonable Attorney's Fees Award**

The amount of reasonable attorney's fees awarded on the basis of Mass. Gen. Laws ch. 151B, § 9 "is largely discretionary with the judge, who is in the best position to determine how much time was reasonably spent on a case, and the fair value of the attorney's services."  Fontaine v. Ebtec Corp., 613 N.E.2d 881, 890 (Mass. 1993).  The basic measure of reasonable attorney's

fees is a "fair market rate for time reasonably spent preparing and litigating a case". Id. at 891.

The First Circuit has adopted the two-step lodestar method for calculating a reasonable fee. Rogers v. Motta, 655 F. Supp. 39, 43 (D. Mass. 1986). First, the lodestar figure is calculated by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). Second, the Court may adjust the lodestar up or down "to account for exceptional circumstances." Rogers, 655 F. Supp. at 43. The burden of proving the reasonableness of the requested fees to be awarded falls upon the applicant. Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

In determining what is reasonable and whether there are exceptional circumstances, this Court considers factors such as 1) the nature of the case and issues presented, 2) the time and labor required, 3) the amount of damages involved, 4) the result obtained, 5) the experience, reputation and ability of the attorney, and 6) the usual price charged for similar services by other attorneys in the same area. Fontaine, 613 N.E.2d at 891 (citing Linthicum v. Archambault, 398 N.E.2d 482 (Mass. 1979)).

**C. Application**

**1. Degree of Success**

The "most critical factor" in determining the reasonableness of a fee is the degree of success obtained. Farrar v. Hobby, 506

U.S. 103, 114 (1992) (holding that the district court erred in its attorney's fees analysis because it failed to consider the "relationship between the extent of success and the amount of the fee award.").[1]  In Hensley v. Eckerhart, the United States Supreme Court held:

> When an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained.

461 U.S. at 437.

The Court is not required to analyze every factor in awarding reasonable attorney's fees and, in fact, has the discretion to reduce the fee award significantly where it is disproportionate to the result obtained.  Farrar, 506 U.S. at 115 ("Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness or multiplying 'the number of hours reasonably expended . . . by a reasonable hourly rate[.]'" (quoting Hensley, 461 U.S. at 430, 433)); Hensley, 461 U.S. at 436 ("There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce

---

[1] Although Farrar dealt with the recovery of fees under federal law only, "[b]ecause State and Federal antidiscrimination laws prohibit similar conduct, attorney's fees available in both fora should, for the most part, be calculated in a similar manner."  Fontaine, 613 N.E.2d at 891.

the award to account for the limited success."); Coutin v. Young & Rubicam Puerto Rico, Inc., 124 F.3d 331, 340 (1st Cir. 1997) ("while a judge may not automatically reduce a fee award in proportion to a judgment that is significantly less than the plaintiff sought, the judge can take that small judgment into reasonable account in massaging the lodestar.").

Massachusetts courts have followed the federal courts and likewise held that it is appropriate for the court to reduce fees to an amount that is proportionate to the results obtained and interests at stake in the litigation:

> [W]hen a fee request appears on its face [to be] dramatically disproportionate to the results the litigation produced, as it does here, the judge must focus with precision on the relationship between the time invested and the results achieved in order to insure that the "time spent was [not] wholly disproportionate to the interests at stake."

Killeen v. Westban Hotel Venture, LP., 872 N.E.2d 731, 738 (Mass. App. Ct. 2007) (quoting Stratos v. Dep't of Pub. Welfare, 439 N.E.2d 778, 786 (Mass. 1982)) (holding that the trial court should have considered whether the amount of time spent on the case was reasonable in light of the results obtained and remanding for further proceedings). The court is "not required to review and allow or disallow each individual item in the bill," but can consider the bill as a whole. Berman v. Linnane, 748 N.E.2d 466, 469 (Mass. 2001).

In Coutin v. Young & Rubicam Puerto Rico, Inc., the First

-6-

Circuit articulated the kinds of results that must be factored into the amount of attorney's fees to be awarded: 1) plaintiff's success claim by claim, 2) the relief actually achieved and 3) the societal importance of the right which has been vindicated. 124 F.3d at 338.

### a. Limited Benefit

With respect to this case, the Court reiterates that Joyce's accomplishment in this lawsuit "was very limited and pyrrhic in nature." Joyce, 2011 WL 31195, at *2. The results of the lawsuit were minimal because 1) the Town changed the subject tournament policy for the following year before Joyce filed her complaint in this case and 2) this Court limited its summary judgment ruling to this case only. In accordance with the substantial body of case law cited herein, the award of attorney's fees here will be correspondingly circumscribed by the jury award of damages.

The benefit of the litigation to the public interest is also a relevant consideration. Coutin, 124 F.3d at 338; Stratos, 439 N.E.2d at 786. Where the case resulted in a "significant legal conclusion serving an important public purpose, the fee award need not be proportionate to the damages recovered." Killeen, 872 N.E. 2d at 738 (quoting Diaz-Rivera v. Rivera-Rodriguez, 377 F.3d 119, 125 (1st Cir. 2004)). Conversely, where a case did not effect any such public benefit (as is the case here) it is

appropriate for the fee award to be proportionate to the damages recovered. See id.

Given the limited effect that this lawsuit had on defendants' tournament policy and the fact that it could have easily been avoided or resolved well before trial, the Court concludes that the requested fee of more than ten times the jury award is excessive and unreasonable.

### b. Reasonableness of Counsel's Conduct

In determining the award of reasonable fees, the Court also focuses on the reasonableness of counsel's conduct in pursuing a case. See Kherlop v. Domos, No. 08-3342, 2011 WL 1532112, at *6 (Mass. Super. Jan. 24, 2011) ("Where counsel has reasonably valued the case as having greater potential than the result actually achieved, it is reasonable for her 'to have expended effort in the litigation commensurate with that potential.'" (quoting Twin Fires Inv., LLC v. Morgan Stanley Dean Witter & Co., 837 N.E.2d 1121 (Mass. 2005))). In Kherlop v. Domos, for example, a Massachusetts Superior Court found that counsel's conduct, in pursuing plaintiff's claims to trial, was reasonable because the entire dispute was realistically worth $320,000 even though the jury awarded only $15,000 in damages. Id.

In this case, however, unlike in Kherlop, the Court finds the conduct of plaintiff's counsel unreasonable. First, as noted above, defendants changed their tournament policy before Joyce

filed her complaint, fundamentally changing the nature of Joyce's grievance from one of vindicating the deprivation of a civil right to compensating for her personal affront and expenses. Second, the Court held in March, 2010 that defendants had violated federal and Massachusetts law and they, thereafter, offered Joyce $35,001 in settlement to which offer she did not respond. That offer obviated the need for a jury trial which alone accounted for 60 hours billed by plaintiff's counsel.

The Court also finds that defendant's settlement offer was reasonable in light of awards for emotional distress in similar cases and the fact that the Court admonished plaintiff in its January, 2011 M&O that any award of attorney's fees would be proportionate to her recovery at trial. The award of $15,000 is well-within the appropriate range for emotional distress damages for single incidents of discrimination. See, e.g., Augis Corp. v. Mass. Comm'n Against Discrimination, 914 N.E.2d 916 (Mass. App. Ct. 2009) (upholding a $10,000 damages award for emotional distress for a single incident of employment discrimination).

Similarly, in a number of cases where the only evidence of emotional distress was plaintiff's own testimony, courts have held that jury awards were excessive. See, e.g., Boston Pub. Health Comm'n v. Mass. Comm'n Against Discrimination, 854 N.E.2d 111, 119 (Mass. App. Ct. 2006); Trivedi v. Cooper, No. 95 CIV. 2075, 1996 WL 724743, at *10 (S.D.N.Y. Dec. 17, 1996). Thus, the

Court finds that the refusal by plaintiff's counsel to accept the settlement offer was unreasonable.

Furthermore, although Fed. R. Civ. P. 68 does not technically apply here because of plaintiff's alleged costs, the principle of that rule is instructive. Rule 68 provides that, where there has been a settlement offer,

> If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. P. 68(d). Rule 68 is intended to promote settlement and avoid the expense of trial, if possible. See Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981). Here, it would be reasonable for the Court to award Joyce no costs or fees incurred after February 4, 2011 because defendants' settlement offer was reasonable.[2]

Nevertheless, the Court recognizes that defendants were not blameless here either. They opposed the summary judgment motion and did not offer any formal settlement until February, 2011. Thus, the Court finds that a fair and reasonable solution is to reduce plaintiff's requested fee award substantially, taking into account not only the limited results obtained but also the fact that the plaintiff was largely responsible for the unnecessary protraction of this litigation. For the reasons already

---

[2] After February 1, 2011, plaintiff's counsel invoiced $48,254 in attorney's fees.

elucidated, the Court finds that the number of hours spent and the costs incurred by plaintiff's counsel were wholly unreasonable given the interests at stake and the benefit gained.

### 2. Other Factors

The Court finds that the number of hours plaintiff's counsel spent on this case was excessive and that a significant reduction in the requested award of fees is warranted. This case involved a relatively simple and straightforward fact pattern and plaintiff's claims were based on an uncomplicated legal theory. See Berman, 748 N.E.2d at 468-69 (judgment was for $71,000 and court reduced the requested attorney's fees and costs from $348,252 and $12,968, respectively, to $95,000 and $553, respectively, because "the legal issues were relatively straightforward, and . . . much of the work performed was repetitive and unnecessary").

For example, plaintiff's counsel spent about 55 hours on its summary judgment motion, 70 hours on the opposition to defendants' summary judgment motion, 28 hours on the petitions for attorney's fees and injunctive relief, 36 hours on conferencing amongst the attorneys and with Joyce and approximately 30 hours apiece for two experienced trial attorneys to attend the entire trial. The time spent on each of the enumerated categories was excessive under the circumstances. See Wilcox v. Stratton Lumber, Inc., 921 F. Supp. 837, 847 (D. Me.

1996). In fact, it appears that plaintiff's counsel paid little attention to the number of hours accrued and costs incurred, presumably under the assumption that plaintiff would be reimbursed in full by the defendants. Moreover, the Court suspects that a significant portion of the hours enumerated relate to the bickering between counsel over media coverage of this case.

In light of all of the reasons explicated above, the Court finds that a reasonable award of attorney's fees in this case is $30,000. The Court will also award costs in the amount of $4,600 which deletes from plaintiff's request $164 of costs incurred after February 4, 2011, and certain parking, taxi, meal and "stenographic overtime" costs deemed not compensable. Defendants will not be required to shoulder the entire burden of engaging in avoidable litigation. To do so in this case would encourage similarly situated plaintiffs to refuse all reasonable settlement offers and proceed to trial instead. In this case, especially, there are abundant reasons for substantially reducing the requested fees and expenses.

### III. **Plaintiff's Petition for Injunctive Relief**

Plaintiff moves for an injunction ordering the defendants, inter alia, to issue a directive announcing a gender-neutral policy to club members. Plaintiff did not request such specific relief in her complaint which sought only an Order enjoining the

defendants from discriminating on the basis of gender. The Court is satisfied that defendants have gotten the message but to the extent that the plaintiff, or any other party, demonstrates the contrary in the future, appropriate and significant sanctions will be imposed.

**IV.** **Plaintiff's Motion to Amend the Judgment to Include Prejudgment Interest**

Plaintiff moves, pursuant to Fed. R. Civ. P. 59(e) and Mass. Gen. Laws ch. 231, § 6B, for an amendment to the judgment to include pre-judgment interest at a rate of 12%. Defendants do not oppose the motion. Plaintiff has correctly stated the law and the Court will allow the motion. The interest will, however, be applied to the amount of the judgment and costs entered, not to the amount requested.

**ORDER**

In accordance with the foregoing,

1)   plaintiff's petition for reasonable attorney's fees and costs (Docket No. 90) is **ALLOWED**, in part, and **DENIED**, in part. The Court awards attorney's fees in the amount of $30,000 and costs of $4,600;

2)   plaintiff's petition for injunctive relief (Docket No. 91) is **DENIED** without prejudice; and

3)   plaintiff's motion to alter the judgment to add prejudgment interest (Docket No. 95) is **ALLOWED,** the amount to be calculated by the Clerk.

**So ordered**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 30, 2011